**The below described is SIGNED.**

**Dated: September 02, 2005**    _/s/ Glen E. Clark_
                                      **GLEN E. CLARK**
                                     **U.S. Bankruptcy Judge**



_____

Peter W. Billings, A0330
Gary E. Jubber, A1758
Douglas J. Payne, A4113
David N. Kelley, A9137
FABIAN & CLENDENIN,
 A Professional Corporation
215 South State Street, 12th Floor
P.O. Box 510210
Salt Lake City, Utah 84151
Telephone: (801) 531-8900

Attorneys for Plaintiff

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Bankruptcy Nos. 02-22906 |
| SIMON TRANSPORTATION SERVICES, ) | 02-22907 |
| INC., DICK SIMON TRUCKING, INC., ) | 02-24874 |
| and SIMON TERMINAL, LLC, ) | (Chapter 11) |
| ) | |
| Debtors. ) | [SUBSTANTIVELY CONSOLIDATED] |
| ) | |
| ) | Honorable Glen E. Clark |
| OFFICIAL COMMITTEE OF ) | |
| UNSECURED CREDITORS, ) | |
| ) | **FINDINGS OF FACT AND** |
| Plaintiff, ) | **CONCLUSIONS OF LAW** |
| ) | |
| v. ) | |
| ) | Adversary No. 04-02228 |
| AM EXPRESS, INC., ) | |
| ) | |
| Defendant. ) | |

**Filed: 08/19/05**

On July 11, 2005, at 10:00 a.m., a bench trial in the above-captioned proceeding was held before the Honorable Glen E. Clark. Defendant did not appear at the trial. The Court verbally entered judgment in favor of plaintiff, the Official Committee of Unsecured Creditors. In conjunction with the bench trial the Court enters the following findings of fact and conclusions of law:

## FINDINGS OF FACT

**A. Uncontroverted Facts Pursuant to the Final Pretrial Order**

1. On February 25, 2002 (the "Petition Date"), Simon Transportation Services Inc. and Dick Simon Trucking, Inc. filed separate voluntary Petitions for Relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Utah ("Bankruptcy Court"), Case Nos. 02-22906 GEC and 02-22907 GEC, respectively. Simon Terminal, LLC subsequently filed a voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code on March 26, 2002, Case No. 02-24874 GEC. The bankruptcy cases of Simon Transportation Services, Dick Simon Trucking, and Simon Terminal, LLC (collectively referred to hereafter as the "Debtors") were jointly administered.

2. On March 11, 2003, the Bankruptcy Court executed its Order Confirming Joint Plan of Liquidation, pursuant to which all property of the Debtors' estates, including all Debtors' rights under Chapter 5 of the Bankruptcy Code, were vested in the Consolidated Estate under the exclusive control of the Committee.

2

349950_1

3. The Committee was vested with all rights of a Chapter 11 trustee, including the right to avoid transfers and obligations pursuant to 11 U.S.C. §547.

4. Defendant was a creditor of the Debtors by reason of a claim for damages arising from a July 28, 2001 vehicle accident in Wythesville, Virginia caused by a Dick Simon Trucking tractor trailer.

5. Debtor Dick Simon Trucking paid Defendant $7,093.72 on account of the accident by Check No. 302893 dated January, 4, 2002 ("the Transfer").

6. The Transfer was a transfer of property of the Debtors to or for the benefit of Defendant, a creditor.

7. The Transfer was made by the Debtors to Defendant for or on account of the Debtors' antecedent debt to Defendant relating to the July 28, 2001 vehicle accident.

8. The Transfer was made while the Debtors were insolvent.

9. The Transfer was made on or within ninety (90) days before the Petition Date.

10. The Transfer enabled the Defendant to receive more than the Defendant would receive if:

    (a)     the case were a case under Chapter 7 of the Bankruptcy Code;

    (b)     the Transfer had not been made; and

    (c)     the Defendant received payment of such debt on account of which the Transfer was made to the extent provided by the provisions of the Bankruptcy Code.

11. On November 18, 2003, counsel for the Committee send a letter to Defendant demanding that Defendant repay to the bankruptcy estate the amount of the Transfer within fifteen (15) days of the date of the letter.

12. Defendant has not repaid the Debtors' bankruptcy estate the amount of the Transfer.

## CONCLUSIONS OF LAW

1. The Transfer is avoidable as a preferential transfer pursuant to 11 U.S.C. § 547(b).

2. The Transfer was an avoidable preferential transfer that is recoverable by Plaintiff pursuant to 11 U.S.C. §§ 547 & 550.

3. Plaintiff is entitled to an order and judgment avoiding the Transfer and awarding judgment against Defendant and in favor of Plaintiff in the amount of $7,093.72, together with prejudgment interest on that amount at the Utah legal rate from November 18, 2003 to the date of judgment.

**[END OF DOCUMENT]**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of August, 2005, I served an unexecuted copy of the foregoing **FINDINGS OF FACT AND CONCLUSIONS OF LAW** on the following by depositing the same in the United States mail, postage prepaid, addressed as follows:

>Patrick A. Barron, President
>A.M. Express, Inc.
>1401 North 26th Street
>P.O. Box 721
>Escanaba, MI 49829-0721
>Fax: 906-786-0066

>_____/s/ Douglas J. Payne

**COURT'S CERTIFICATE OF SERVICE**

I hereby certify that on the ___ day of August, 2005, I caused the foregoing

**FINDINGS OF FACT AND CONCLUSIONS OF LAW** to be served upon the following

by electronic means, or by depositing the same in the United States mail, postage prepaid:

>Douglas J. Payne
>Peter W. Billings
>Gary E. Jubber
>FABIAN & CLENDENIN
>215 South State Street, 12th Floor
>P.O. Box 510210
>Salt Lake City, Utah 84151
>
>Patrick A. Barron, President
>A.M. Express, Inc.
>1401 North 26th Street
>P.O. Box 721
>Escanaba, MI 49829-0721

_____

Judicial Assistant to Judge Clark